**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHITH XAYAPHET,

    Petitioner,

vs.                                             Case No. 8:06-CV-1407-T-30TGW
                                                                        8:05-CR-485-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Petitioner has filed a Notice of Appeal of this Court's November 2, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 10), which the Court construes as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 11). Petitioner did not pay the appellate filing fee and costs or file a request to proceed on appeal *in forma pauperis*.

While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

petitioner must demonstrate that reasonable jurists would find the Court's assessment of the Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that the Notice of Appeal, which is construed as an application for issuance of a certificate of appealability (CV Dkt. 11), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 27, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copy furnished to:
All Parties/Counsel of Record